```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANCE THEATRE OF HARLEM, INC.,
                                                                       25-CV-2978 (RA) (VF)
                                    Plaintiff,
                                                                       **OPINION & ORDER**
               -against-

CHROMADIVERSE, INC. et al.,

                                    Defendants.
------------------------------------------------------------------X
```

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Presently before the Court is a request by Defendants to stay discovery pending resolution of Defendants' motion to dismiss. For the reasons discussed below, the request to stay discovery is **DENIED**.

## BACKGROUND

Plaintiff Dance Theater of Harlem commenced this suit on April 10, 2025, seeking a declaration that it owns physical images and copyrights, under the work-for-hire doctrine, in photographs and related content created by Margaret Elizabeth Schnare. ECF No. 1 at ¶¶ 77-95. The physical images over which Plaintiff asserts ownership are located in this District. Id. at ¶ 11. Defendant ChromaDiverse, Inc. ("ChromaDiverse") believes it owns Schnare's entire photography collection by virtue of a Copyright Assignment Agreement executed by Defendants Sherry Gagnon and Harriet Gilbert, Schnare's heirs. Id. at ¶¶ 2, 62.

Prior to this action, on April 3, 2023, ChromaDiverse initiated an action against Plaintiff in San Francisco Superior Court, alleging that it had entered into a Deed of Gift and a Copyright Assignment Agreement with Gilbert and Gagnon, who were the sole legal heirs of Schnare. ECF

No. 25 at 10.[1] According to ChromaDiverse, the Deed and Assignment resulted in an irrevocable transfer of Schnare's work, including the copyright interest, and Plaintiff, who is in possession of prints, negatives, and documents created by Schnare, has refused to transfer them to ChromaDiverse. Id.

On June 5, 2025, Defendants filed a motion in this Court, seeking dismissal for lack of personal jurisdiction or, in the alternative, a transfer of the case to the Northern District of California, where the state court action is pending, or a stay of this action pending resolution of the San Francisco state court action.[2] ECF No. 25 at 11-18. On May 18, 2025, the parties submitted a joint letter, which indicated that Defendants believed a stay of discovery was appropriate pending resolution of their then-forthcoming motion to dismiss.[3] ECF No. 19 at 4. The Court held a conference on June 23, 2025, to address whether a stay of discovery is appropriate. See June 23, 2025 Transcript ("Tr."). On July 1, 2025, Plaintiff filed a letter opposing the request for a stay of discovery.[4] ECF No. 34. As it concerns a stay of discovery, Defendants submitted a reply letter in further support on July 8, 2025. ECF No. 36.

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the ECF-generated pagination.

[2] Defendants also, in the alternative, request dismissal of the state-law claims in their entirety and dismissal of the declaratory judgment claims in Counts I and III against the individual defendants, because those individuals do not claim an interest in Schnare's work. ECF No. 25 at 19-21.

[3] The Court interprets that letter as a letter motion to stay discovery. This opinion does not address Defendants' separate request to stay the action in its entirety, which Defendants made in their motion to dismiss, currently pending before the Honorable Ronnie Abrams.

[4] Plaintiff also opposed the request for a stay of the action in its memorandum of law in opposition to Defendants' motion to dismiss. ECF No. 37 at 25-28.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(c), a district court has "considerable discretion" to stay discovery upon a showing of "good cause." Rep. of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); Johnson v. N.Y.U. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). In assessing whether a stay is appropriate, courts consider several factors: the breadth of discovery sought and the burden of responding to it, the prejudice to the party opposing the stay, and the strength of the pending motion that forms the basis for the request for a stay. Rep. of Turkey, 316 F. Supp. 3d at 677; Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996). The party seeking the stay bears the burden of demonstrating good cause. Rep. of Turkey, 316 F. Supp. 3d at 677. Although the filing of a dispositive motion, such as a motion to dismiss, may demonstrate good cause for a stay, Anti-Monopoly Inc., 1996 WL 101277, at *2, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Instead, a "court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." Id.

A stay of discovery is not appropriate given the particular circumstances and posture of this case. First, as it concerns the breadth of discovery sought and the burden of responding to it, Plaintiff has not yet served discovery requests. It is thus not possible to assess either of these factors because Defendants made their request for a stay before any discovery was sought from them.

Nevertheless, there does not appear to be any dispute that the issue of ownership of Schnare's photographic work and copyrights in those works—an issue that underlies this action

3

and the San Francisco state court action—will be decided in one forum or another, whether here or in California. And Plaintiff has agreed to "stipulate that discovery in this case may be used in whatever case proceeds to adjudicate the parties' rights." ECF No. 34 at 2. This is thus not a case where a stay may be appropriate because the discovery sought may never be used. See, e.g., Anti-Monopoly, Inc., 1996 WL 101277, at *3 (reasoning that a stay of discovery was appropriate in part because the discovery sought "will be totally unnecessary if" the pending motion for judgment on the pleadings was granted).

Instead, discovery on at least some of the claims will have to proceed regardless of the outcome of the motion to dismiss. Defendants have not sought dismissal of the copyright claims on the grounds that Plaintiff has failed to state a claim. Rather, Defendants seek to transfer Plaintiff's copyright claims to federal court in California. ECF No. 36 at 2-3; ECF No. 25 at 15-16. As such, the copyright claims will inevitably proceed and discovery will thus be necessary. Indeed, although Defendants state that adjudication of their motion to dismiss "would eliminate the need for discovery *in this forum*," ECF No. 36 at 2 (italics added), they do not claim that resolution of the motion will eliminate the need for discovery altogether as it concerns the central issue in both actions: who rightfully owns Schnare's photographs. For this reason, and contrary to Defendants' argument (see ECF No. 36 at 3), allowing discovery to proceed will not be wasteful because discovery on the issue of who rightfully owns Schnare's work will in the end be necessary. Nor will allowing discovery to proceed waste resources, because Plaintiff has agreed to stipulate that discovery obtained here can be used in "whatever case proceeds to adjudicate the parties' rights." ECF No. 34 at 2. Further, because the parties will have to engage in discovery regardless of the outcome of the motion to dismiss, there is no prejudice to Defendants if discovery advances now. See Morales v. Next Stop 2006, Inc., No. 22-CV-03311 (JLR), 2022

WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022) (declining to grant stay where claims would be adjudicated here or in New Jersey and thus "some discovery [was] inevitable"); Kaplan v. Lebanese Canadian Bank, SAL, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) (declining to stay discovery where parties would have to engage in discovery regardless of outcome of motion to dismiss in one of two consolidated actions).

With respect to the "strength of the motion" prong of the analysis, the party seeking a stay must present "substantial arguments for dismissal[ ]." Hong Leong Fin., 297 F.R.D. at 72. This standard requires "a strong showing that the plaintiff's claim is unmeritorious." Id. (quoting Telesca v. Long Island Hous. P'ship, Inc., No. 05-CV-5509 (ADS )(ETB), 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006)). As discussed, Defendants do not challenge the merits of the copyright claims against ChromaDiverse, asking instead that the claims be transferred to the Northern District of California. ECF No. 25 at 15-16. Discovery on these claims is inevitable (barring a settlement), which further weighs against a stay of discovery.

Whereas Defendants have not shown that they will be prejudiced by a stay of discovery, Plaintiff has demonstrated prejudice if discovery is stayed. As the parties indicated at the June 23 conference, although the San Francisco state court action was filed in 2023, discovery was stayed until only recently. Tr. at 6-7. In that case, a motion to dismiss is expected to be filed this month; no discovery schedule has been set. Id. In other words, the San Francisco action is no further along than this case despite having been filed over two years ago. Plaintiff's claims concern photographs created as early as 1969 and the dispute over ownership of those photographs involves Schnare's heirs and close friend, who are alleged to have transferred interest in those works to ChromaDiverse. ECF No. 1 at ¶¶ 2-4, 21-22. Those key witnesses are elderly. ECF No. 34 at 2. "As more time passes, the higher the risk that witnesses will become unavailable and

5

memories will fade." Kaplan, 610 F. Supp. 3d at 535. Further, while dispute over title of the works is pending, Plaintiff is unable to freely use that work, as it was able to do in the past. Further delay in resolution of Plaintiff's claims will thus prejudice Plaintiff.

## **CONCLUSION**

For the reasons stated herein, Defendants' request for a stay of discovery is denied.

**SO ORDERED.**

DATED:    New York, New York
          July 26, 2025

                                              _____
                                              VALERIE FIGUEREDO
                                              United States Magistrate Judge